IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02164-BNB

DOMINGO F. VILLASENOR,

    Plaintiff,

v.

GEO GROUP, INC.,
OFFICER SANCHEZ, GEO Group, Inc. Employee, and
U.S. MARSALLS/DEP'T OF JUSTICE,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Domingo F. Villasenor, is in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañón City, Colorado. At the time of filing, Mr. Villasenor was detained at the Aurora Detention Center in Aurora, Colorado. Plaintiff initiated this action by filing a Prisoner Complaint against Defendant Sanchez pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

    On September 17, 2014, Magistrate Judge Boyd N. Boland issued an Order directing Mr. Villasenor to show cause within thirty(30) days why this action should not be dismissed for lack of subject matter jurisdiction. In response to the Order to Show Cause, Plaintiff filed an Amended Complaint on September 30, 2014 (ECF No. 27), naming additional Defendants.

    Mr. Villasenor has been granted leave to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Amended Complaint and this action will be dismissed for lack of subject matter jurisdiction.

In the Amended Complaint, Plaintiff purports to bring a *Bivens* claim against the Defendants for physical injuries suffered on November 18, 2013, when Defendant Sanchez crashed a transport vehicle into a barricade at the United States Courthouse in Denver. Mr. Villasenor alleges in the Amended Complaint that he was examined by a physician 24 hours after the incident, that the physician prescribed pain medication, placed him in a neck brace, and ordered x-rays. Plaintiff alleges that since his initial exam, he has been denied medical treatment. He seeks monetary relief.

## I. Legal Standards Re: Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. The

federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988) (The issue of subject matter jurisdiction may be raised *sua sponte* by the court at any time during the course of the proceedings.).

## II. Analysis

### A. Claim(s) Against Defendant "U.S. Marshalls/Dep't of Justice"

A suit for damages against the United States is barred by sovereign immunity unless immunity has been waived. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985)). The United States has not waived sovereign immunity for itself or its agencies under *Bivens* for constitutional tort claims and, therefore, cannot be sued in a *Bivens* action. *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994) (holding that a *Bivens* action may not be brought against the United States). Accordingly, the *Bivens* claim against Defendant "United States Marshalls/Dept. of Justice" will be dismissed for lack of subject matter jurisdiction. *See Tippett v. United States*, 108 F.3d 1194, 1196 (10th Cir. 1997) (federal court lacks subject matter jurisdiction to hear claims that are barred by the doctrine of sovereign immunity).

### B. Claim(s) Against Defendants GEO Group, Inc., and Officer Sanchez

Mr. Villasenor also sues Defendants GEO Group, Inc., and Officer Sanchez for damages under *Bivens.*

The Geo Group, Inc., is a private company that operates the detention facility in Aurora, Colorado, pursuant to a contract with Immigration and Customs Enforcement to detain illegal aliens awaiting administrative hearings. *See Cohen v. Zaki*, No. 10-1309, 411 F. App'x 136, 137 (10th Cir. Jan. 4, 2011) (unpublished). Mr. Villasenor does not have a *Bivens* remedy against the GEO Group, Inc. *See Correctional Serv. Corp. v. Malesko,* 534 U.S. 61 (2001) (holding that a *Bivens* claim is not available against a private corporation operating under a contract with the federal government).

Plaintiff alleges in the Amended Complaint that Defendant Sanchez is an employee of the GEO Group, Inc. The United States Supreme Court has declined to recognize a right of action under *Bivens* against an employee of a private prison-management firm. *See Minneci v. Pollard*, 132 S.Ct. 617 (2012). Specifically, the Court held:

> [W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

132 S.Ct. at 636.

Mr. Villasenor alleges conduct that would typically fall within a state-law negligence claim. "State-law remedies and a potential *Bivens* remedy need not be perfectly congruent." *Id.* at 625. Because Plaintiff has an alternative cause of action under state tort law, he is precluded from asserting a *Bivens* action against Defendant

Sanchez in his individual capacity. *See Crosby v. Martin*, No. 12-3163, 502 F. App'x 733, 735 (10th Cir. Nov. 16, 2012) (unpublished) (citing *Minneci*).

Mr. Villasenor does not allege any basis, other than *Bivens*, to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff therefore must meet the requirements of the diversity jurisdiction statute, 28 U.S.C. § 1332, to maintain his claim(s) in federal court.

A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

The Amended Complaint does not allege facts to show diverse citizenship of the parties or the requisite amount in controversy so as to invoke the Court's diversity jurisdiction over an arguable state law claim. Accordingly, it is

ORDERED that the Amended Complaint (ECF No. 27) and this action are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Villasenor files a notice of appeal he must also pay

the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED October 16, 2014, at Denver, Colorado.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court