IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02164-LTB

DOMINGO F. VILLASENOR,

    Plaintiff,

v.

GEO GROUP, INC.,
OFFICER SANCHEZ,  GEO Group, Inc. Employee, and
U.S. MARSALLS/DEP'T OF JUSTICE,

    Defendants.

ORDER DENYING MOTION TO RECONSIDER

On October 31, 2014, Plaintiff, Domingo F. Villasenor, filed *pro se* a Letter (ECF No. 30) with the Court in which he states that he wants to file "objections" to the Court's Order of Dismissal entered in this action on October 16, 2014.  The Court must construe the Letter liberally as a motion to reconsider because Mr. Villasenor is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered.  See Fed. R. Civ. P. 59(e).  The Court will consider the motion to reconsider filed by Mr. Villasenor pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  See Van Skiver, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  See id.

Plaintiff brought this action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  In the dismissal order, the Court concluded that the claims asserted against Defendant U.S. Marshalls/Dep't of Justice were barred by the doctrine of sovereign immunity.  (ECF No. 28).  The Court further determined that Plaintiff did not have a Bivens remedy for his claims against Defendants GEO Group, Inc. and Officer Sanchez.  (Id.).  Further, Mr. Villasenor did not allege any basis, other than Bivens, to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331, and his allegations were insufficient to invoke the Court's diversity jurisdiction, under 28 U.S.C. § 1332, over a state law claim.  (Id.).  The Court therefore dismissed this action without prejudice.  (Id.).

Mr. Villasenor now objects to the Court's dismissal order on the basis that he has documentation to substantiate his allegations that he was injured when Defendant Sanchez crashed a transport vehicle into a barricade at the United States Courthouse. (*See* ECF Nos. 30, 31). However, the injuries he suffered at the hands of Defendant Sanchez are not relevant to whether he can assert a federal cause of action against the Defendant in federal court, and do not establish that the Court has diversity jurisdiction over any state law claim. Further, Plaintiff's suggestion that the Court should not have dismissed his Amended Complaint because he is not represented by counsel is not well-taken. "Although "pro se complaints, like the one involved here, are held to less stringent standards than formal pleadings drafted by lawyers, . . . , the pleading hurdle is not automatically overcome." *See McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001).

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Villasenor fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Because the dismissal of any state law claim was without prejudice, Mr. Villasenor is not precluded from attempting to seek relief in the state courts. Accordingly, it is

ORDERED that the Letter filed *pro se* by Plaintiff, Domingo F. Villasenor (ECF No. 30) on October 31, 2014, which the Court construes liberally as a motion for relief under Fed. R. Civ. P. 59(e), is DENIED. It is

FURTHER ORDERED that the Clerk of the Court is directed to mail to Plaintiff copies of the court-approved form for filing a civil Notice of Appeal.

DATED November 5, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court